IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

HARRY SMITH, )
)
    Plaintiff, )
)
v. )   Civil Action No. 3:23-cv-144–HEH
)
SGT MORGAN, *et.al.*, )
)
    Defendants. )

## MEMORANDUM OPINION
### (Granting Motion to Dismiss)

THIS MATTER is before the Court on Defendants Capt. Artis', Assistant Warden J.D. Oates', D. Hudson's, and J. DeBerry's (collectively, "Defendants") Motion to Dismiss (the "Motion," ECF No. 18), filed on November 20, 2023.[1] Plaintiff Harry Smith ("Smith"), a Virginia inmate, proceeding *pro se* and *in forma pauperis* filed this 42 U.S.C. § 1983 action. On September 7, 2023, Smith filed a Particularized Complaint (ECF No. 13). Defendants provided Smith with *Roseboro*[2] notice. (Mot. at 1.)[3] Despite

---

[1] Sgt. Morgan separately filed a Motion for Summary Judgment (ECF No. 26) on April 2, 2024.

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

[3] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the spelling, punctuation, and capitalization in the quotations from the parties' submissions.

receiving an extension of time, Smith failed to file a response to Defendants' Motion.[4] For the reasons set forth below, the Motion will be granted.

## I. LEGAL STANDARD

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (citation omitted). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.*

---

[4] Smith filed an "Answer to Defendant's Motion for Summary Judgment." (ECF No. 30.) Although not specifically directed to the Motion to Dismiss, the Court has considered this submission in its review of the Motion to Dismiss.

(citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SMITH'S ALLEGATIONS AND CLAIMS

In his Particularized Complaint, Smith alleges the following occurred while he was housed in Deerfield Correctional Center:[5]

> 1. On December 6, 2022, Plaintiff was subjected to an institutional search. Sgt. Morgan confiscated Plaintiff's religious medallion which was purchased from the D.O.C. authorized commissary and was strung on a piece of baby white yarn. Both items were purchased on the same receipt dated 9/20/21.
> 2. Sgt. Morgan never gave the Plaintiff's property back to him.

---

[5] The Court omits Smith's numbering that corresponds to each Defendant's name.

3

> 3. Plaintiff filed a written complaint which was answered by Capt. Artis. Capt. Artis never investigated the theft. The Plaintiff was never interviewed, video recording was never reviewed, witnesses were never called. Due diligence was not observed.
> 4. Plaintiff then submitted a grievance, and it was answered by Assistant Warden Oates. Mr. Oates never interviewed the Plaintiff, never reviewed the surveillance video, and never called witnesses. Due diligence of the investigation was not followed.
> 5. Plaintiff did not receive the grievance paperwork before time for the "Next Action Date" stated on the grievance receipt. Plaintiff followed procedure by filing an appeal without the corresponding paperwork.
> 6. The Regional Ombudsman [D. Hudson] rejected the appeal for not having the accompanying paperwork for which he/she claimed was sent to the Plaintiff on Jan. 20, one day before the expiration. However, the Plaintiff did not receive the grievance back until the 23rd and by that time the appeal had been sent.
> 7. Plaintiff resubmitted the grievance appeal and explained in the appeal the institutional discrepancy, however, the appeal got rejected once again by D. Hudson due to time violation.

(Particularized Compl. at 1–2.) Smith raises the following claims:

> 1. [(a)] It is the belief of the Plaintiff that Sgt. Morgan has violated the Plaintiff's First Amendment right to freely exercise his religious beliefs by depriving him of his sacred religious symbol and not returning it. [(b)] It is also the belief of the Plaintiff that his Fourteenth Amendment right was violated because the Plaintiff feels that he was discriminated against because of his Jewish faith in that no other religious medallions either bought or homemade were confiscated.
>
> 2. [(a)] It is the belief of the Plaintiff that Capt. Artis violated the Plaintiff's First Amendment right to freely exercise his religious beliefs by not doing due diligence in the investigation which deprived the Plaintiff of said right. [(b)] It is also the belief of the Plaintiff that Capt. Artis violated the [Religious Land Use and Institutionalized Persons Act] RLUIPA[6] by not adequately investigating the theft and by not doing so is not a compelling interest of the government and an adequate investigation is the least restrictive means.
>
> 3. [(a)] It is the belief of the Plaintiff that Assistant Warden Oates violated the Plaintiff's First Amendment right to freely exercise his religious beliefs by not doing due diligence in the investigation which deprived the Plaintiff

---

[6] 42 U.S.C. § 2000cc–1(a).

4

of said right. [(b)] It is also the belief of the Plaintiff that Mr. Oates violated RLUIPA by not adequately investigating the theft and by not doing so is not a compelling interest of the government and an adequate investigation is the least restrictive means.

4. It is the belief of the Plaintiff that the Regional Ombudsman, D. Hudson, deliberately delayed the appeal process in order to use time as an excuse to deny the appeal. This is a clear violation of the Plaintiff's [(a)] First Amendment right to grieve the government and [(b)] by doing so violated Plaintiff's First Amendment right to freely exercise his religion and [(c)] is a violation of RLUIPA by not processing the Plaintiff's paperwork as required by law.

5. [(a)] It is the belief of the Plaintiff that the Grievance Coordinator J. DeBerry violated the Plaintiff's First Amendment right to grieve the government by delaying the paperwork to the point of it being returned past the due date. As her title suggests, she is the Grievance Coordinator and by violating said right also violated the Plaintiff's [(b)] First Amendment right to freely exercise his religion and [(c)] a violation of the RLUIPA since there is no compelling government interest in delaying the Plaintiff's paperwork.

(*Id.* at 3–5.) Smith requests legal fees, "the cost of replacing the medallion in today's market," and $200,000 in monetary damages for his distress. (*Id.* at 6.)

### III. ANALYSIS

In the Motion to Dismiss, Defendants argue that (1) Smith fails to allege facts indicating that Defendants were personally involved in the deprivation of his constitutional rights; (2) Smith fails to state a claim under RLUIPA; and (3) Defendants are entitled to qualified immunity. (Mem. in Supp. at 4–10, ECF No. 19.) As discussed below, the Court need not address all three (3) arguments because Smith fails to state a claim for relief against Defendants.

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of

5

a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (citations omitted). To state a legally sufficient claim for an alleged violation of a federal constitutional right, "[a] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* Accordingly, the plaintiff must allege facts that affirmatively show "that the official charged acted personally in the deprivation of the plaintiff['s] rights." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (internal quotations omitted); *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (noting that liability is "personal, based upon each defendant's own constitutional violations"). None of the Defendants here were involved in the confiscation of Smith's religious medallion. Rather, Smith alleges that only Sgt. Morgan confiscated the medallion. Smith seeks to hold Defendants liable simply because they either were, or might have been, involved in the grievance process, and Smith contends that they failed to investigate the missing religious medallion to his satisfaction.

First, with respect to the Grievance Coordinator J. DeBerry, Smith fails to allege facts that would plausibly suggest that she had any personal involvement in the deprivation of Smith's rights. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given *pro se* complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th

Cir. 1974) (citation omitted) (italics added). This is essentially the case here. Smith fails to allege facts that plausibly describe how Defendant DeBerry personally participated in any violation of Smith's rights. Smith also fails to allege facts indicating that Defendant DeBerry was involved in the grievance process for Smith's particular complaints or was even aware of Smith's complaints. Instead, Smith attempts to impose liability on Defendant DeBerry solely because she is the Grievance Coordinator, based entirely on *respondeat superior*. To the extent that Smith believes that Defendant DeBerry should be held liable under a theory of *respondeat superior* simply based on her position, he fails to state a claim for relief. *Iqbal*, 556 U.S. at 676.[7] Smith fails to show that Defendant DeBerry was personally involved in the deprivation of his rights, and Claim Five will be dismissed.

For Defendants Artis, Oates, and Hudson, Smith contends that they are liable because of their role in denying his complaint, grievance, and appeal. Smith merely contends that he filed a complaint that Artis answered, filed a grievance that Oates

---

[7] To the extent that Smith contends that Defendant DeBerry is somehow liable on a theory of supervisory liability, that claim would fail. To show that a supervising officer failed to fulfill his duties to protect an inmate by ensuring his subordinates act within the law, the inmate must show that:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)) (internal quotations omitted) (citations omitted). Smith fails to allege facts that support any one of these three (3) factors.

7

answered, and filed an appeal that Hudson answered. Smith faults Defendants Artis and Oates for not properly investigating his complaints about the confiscated religious medallion. He faults Defendant Hudson rejecting his appeal for two (2) reasons: first, because Smith did not attach the appropriate paperwork and, second, for being untimely. However, "inmates have no constitutional entitlement or due process interest in access to a grievance procedure." *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 541 (4th Cir. 2017); *see also Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."). Because Smith enjoys no constitutional right to participate in grievance proceedings, any allegation that Defendants Artis, Oates, and Hudson failed to investigate his complaints and denied his appeal is legally frivolous. *See Banks v. Nagle*, Nos. 3:07-cv-419–HEH, 3:09-cv-14, 2009 WL 1209031, at *3 (E.D. Va. May 1, 2009) (citation omitted); *see also DePaola v. Ray*, No. 7:12-cv-139, 2013 WL4451236, at *8 (W.D. Va. July 22, 2013) (citation omitted) (observing that "a supervisor's after-the-fact denial of a grievance falls short of establishing § 1983 liability"). Indeed, simply "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation." *George v. Smith*, 507 F.3d 605, 609–10 (7th Cir. 2007);[8] *cf. Chamberlain v. Clarke,* No. 7:14-cv-13, 2014 WL 2154183, *3 (W.D. Va. May 22,

---

[8] In *George*, the Seventh Circuit aptly explained: "Only persons who cause or participate in the violations are responsible." 507 F.3d at 609 (citations omitted). "A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." *Id.* at 609–10.

8

2014) (noting that an inmate's "dissatisfaction with [a prison official's] responses to his grievances is a non-starter"). Because Smith fails to allege facts indicating that Defendants Artis, Oates, and Hudson were personally involved in the deprivation of Smith's constitutional rights, any claim against Defendants Artis, Oates, and Hudson[9] will be dismissed. Thus, Claims Two, Three, and Four will be dismissed.[10]

## IV. CONCLUSION

The Motion to Dismiss (ECF No. 18) will be granted. Claims Two, Three, Four, and Five will be dismissed with prejudice for failure to state a claim and as legally frivolous.

It is so ORDERED.

/s/
Henry E. Hudson
Senior United States District Judge

Date: August 9, 2024
Richmond, Virginia

---

[9] To the extent that he blames Defendant Hudson for "deliberately delay[ing] the appeal process" because he had not received required documents for his appeal, once again, Smith has no constitutional right to engage in the grievance process. Therefore, Smith fails to state a claim for relief.

[10] Smith only asks for monetary damages for his claims. "RLUIPA fails to authorize a private cause of action for money damages against state officials in their official or personal capacities." *Shabazz v. Johnson*, No. 3:12-cv-282, 2015 WL 789200, at *1 n.7 (E.D. Va. Feb. 24, 2015) (citing *Sossamon v. Texas*, 565 U.S. 277, 293 (2011); *Rendelman v. Rouse*, 569 F.3d 182, 189 (4th Cir. 2009); *Haight v. Thompson*, 763 F.3d 554, 569–70 (7th Cir. 2014)). Accordingly, as Defendants correctly assert, Smith's demand for monetary damages with respect to the RLUIPA claims is not viable.